# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK
# (BROOKLYN)

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | **MDL No. 3044 (NGG) (MMH)**<br><br>**Case No.: 1:22-md-03044-NGG-MMH**<br><br>**District Judge Nicholas G. Garaufis**<br>**Magistrate Judge Marcia M. Henry** |

**THIS DOCUMENT RELATES TO:**

Leona Huval v. Exactech Inc.
Case No. 1:23-cv-01688

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) files this Short Form Complaint and Demand for Jury Trial against the Defendants named below. Plaintiff(s) incorporates by reference the allegations, Causes of Action, and requested relief contained in the Amended Master Personal Injury Complaint filed in *In re: Exactech Polyethylene Orthopedic Products Liability Litigation,* MDL No. 3044, Case No. 1:22-md-03044 ("Amended Master Personal Injury Complaint" or "AMPIC").[1]

Plaintiff(s) further alleges as follows:

## I. IDENTIFICATION OF PARTIES

### A. PLAINTIFF(S)

1. Injured Plaintiff(s): Name of the individual(s) implanted with and injured by an Exactech Device.

    Leona Huval

    ("Plaintiff(s)")

---

[1] Plaintiff may assert additional causes of action and/or name Defendants not otherwise set forth in the Amended Master Personal Injury Complaint. If additional causes of action are asserted and/or new Defendants named, the specific facts supporting any such additional cause of action or the naming of such additional Defendants must be pled in a manner complying with the Federal Rules of Civil Procedure. Additional pages may be attached to this Short Form Complaint, if necessary.

2. At the time of the filing of this Short Form Complaint, Plaintiff resides in the following state:

   LA

3. *Consortium Plaintiff(s):* Name of the individual(s) that alleges damages for loss of consortium:

   ("Consortium Plaintiff")

4. *Survival and/or Wrongful Death Claims:*
   a. *Representative Plaintiff:* Name of the individual filing this matter and their representative capacity (i.e. administrator or executor of estate):

   ("Representative Plaintiff")

   b. Name and state of residence of Decedent Plaintiff when he/or she died as a result of an Exactech Device related injury:

   c. Decedent Plaintiff died on the following date:

   **B.  DEFENDANTS**

BEFORE PROCEEDING – PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, AND/OR CITIZENSHIP OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS ANY PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE

5. Plaintiff(s) names the following Defendants in this action:

**Exactech Defendants**

- [✔] Exactech, Inc.[2]
- [✔] Exactech U.S., Inc.[3]

**TPG Defendants**

**NOTE: Pursuant to Practice and Procedure Order No. 4 (Direct Filing Order as to TPG Entity Defendants), these entities may *only* be named as a defendant in an action DIRECTLY FILED in this Court -- as opposed to an action filed in another court and transferred to this Court via the MDL statute, 28 U.S.C. § 1407 -- if implantation of a device(s) identified in paragraphs 8, 15, 22 or 29 below occurred *on or after February 14, 2018* (i.e., the date identified in response to paragraphs 10, 17, 24, 31 below); otherwise, identifying one or more of the TPG Defendants below will be of no effect and it/they will NOT be a defendant in the action.**

- [ ] TPG Inc.[4]
- [ ] Osteon Holdings, Inc.[5]
- [ ] Osteon Merger Sub, Inc.[6]
- [ ] Osteon Intermediate Holdings II, Inc.[7]

**Other Defendant(s)** (provide name and state(s) of citizenship for each new Defendant)

_____

[2] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[3] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[4] Delaware corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Delaware and Texas.
[5] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.
[6] Texas corporation, with its principal place of business in Florida, and a citizen of Texas and Florida.
[7] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.

## II. JURISDICTION

6. The Court has jurisdiction over this matter pursuant to:

   [✔] Diversity of Citizenship

   [ ] Other (any additional basis for jurisdiction must be pled in sufficient detail below or on appended pages as required by the applicable Federal Rules of Civil Procedure):

## III. VENUE / DESIGNATED FORUM

7. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   Western District of Louisiana

## IV. PLAINTIFF'S EXACTECH DEVICE AND INJURIES

**Exactech Device 1:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

8. Plaintiff was implanted with the following Exactech Device:

**Exactech Hip Devices**
- [ ] Connexion GXL
- [ ] Novation GXL
- [ ] AcuMatch GXL
- [ ] MCS GXL

**Exactech Knee Devices**
- [✔] Optetrak
- [ ] Optetrak Logic
- [ ] Truliant

**Exactech Ankle Device**
- [ ] Vantage

4

9. Leg in which the Exactech Device was Implanted:
   - [x] Right
   - [ ] Left

10. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    May 3 2017

11. State in which the Exactech Device was implanted:

    LA

12. Date the Exactech Device was surgically removed/revised:

    Dec 12 2022

13. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

    As a result of the implantation of the Exactech device in her right knee, Plaintiff Leona Huval has suffered pain, discomfort, difficulty ambulating normally. Plaintiff presented to her physician with large effusion on her right knee and indications of posterior polyethylene wear which, combination with her other symptoms, required revision surgery to remove the defective implant. Plaintiff experienced pain and discomfort which limited her activities of daily living and impacted her quality of life. Due to the defective nature of the device, Plaintiff had to undergo an additional surgery and has sustained damages including the cost of medical care, mental and emotion distress, and pain and suffering.

14. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

    Yes ☐  No ☑

**Exactech Device 2:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

15. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

16. Leg in which the Exactech Device was Implanted:
    ☐ Right
    ☐ Left

17. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    _____

18. State in which the Exactech Device was implanted:

    _____

19. Date the Exactech Device was surgically removed/revised:

    _____

20. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

21. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐ No ☐

**Exactech Device 3:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

22. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

23. Leg in which the Exactech Device was Implanted:
☐ Right
☐ Left

24. Date the Exactech Device was implanted (see also note to paragraph 5 above):

_____

25. State in which the Exactech Device was implanted:

_____

26. Date the Exactech Device was surgically removed/revised:

_____

27. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

28. Is Plaintiff asserting claims regarding injuries suffered **<u>prior to</u>** February 14, 2018 against the TPG Defendants?

Yes ☐ No ☐

**Exactech Device 4:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

29. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

30. Leg in which the Exactech Device was Implanted:
    ☐ Right
    ☐ Left

31. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    _____

32. State in which the Exactech Device was implanted:

    _____

33. Date the Exactech Device was surgically removed/revised:

    _____

34. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

35. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐  No ☐

**NOTE: If Plaintiff(s) alleges injuries related to additional Exactech Devices not already identified in this Short Form Complaint, please complete questions 29-35 separately for each additional Exactech Device and attach to this Short Form Complaint.**

## V. CAUSES OF ACTION

36. As to Exactech, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [ ] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

1. BREACH OF WARRANTY IN REDHIBITION
The Optetrak System contains a vice or defect which renders it useless or its use so inconvenient that consumers would not have purchased it had they known about the vice or defect. Pursuant to Louisiana Civil Code Article 2520, a seller warrants the buyer against redhibitory defects, or vices. In accordance with Louisiana Civil Code article 2545, Defendants, as the manufacturers, distributors and sellers of the Optetrak System, are deemed to be aware of its redhibitory defects. The Knee Replacement System sold and promoted by Defendants, possesses a redhibitory defect because it is unreasonably dangerous, which renders it useless, unfit for its intended use, or so inconvenient that it must be presumed that Plaintiff or his implanting surgeon would not have used the device had they known of the defects. Defendants were aware of the substantial risks of early failure of the device but failed to fully disclose those risks to Plaintiff and her surgeon. Defendant is liable to Plaintiff under the theory of redhibition as a consequence of the sale to Plaintiff of a product unfit for its intended use

37. As to Exactech U.S., Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [ ] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

1. BREACH OF WARRANTY IN REDHIBITION
The Optetrak System contains a vice or defect which renders it useless or its use so inconvenient that consumers would not have purchased it had they known about the vice or defect. Pursuant to Louisiana Civil Code Article 2520, a seller warrants the buyer against redhibitory defects, or vices. In accordance with Louisiana Civil Code article 2545, Defendants, as the manufacturers, distributors and sellers of the Optetrak System, are deemed to be aware of its redhibitory defects. The Knee Replacement System sold and promoted by Defendants, possesses a redhibitory defect because it is unreasonably dangerous, which renders it useless, unfit for its intended use, or so inconvenient that it must be presumed that Plaintiff or his implanting surgeon would not have used the device had they known of the defects. Defendants were aware of the substantial risks of early failure of the device but failed to fully disclose those risks to Plaintiff and her surgeon. Defendant is liable to Plaintiff under the theory of redhibition as a consequence of the sale to Plaintiff of a product unfit for its intended use

38. As to TPG, Inc. Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

39. As to Osteon Holdings, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [ ] First Cause of Action: Strict Liability – Manufacturing Defect
- [ ] Second Cause of Action: Strict Liability – Design Defect
- [ ] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [ ] Fourth Cause of Action: Negligence
- [ ] Fifth Cause of Action: Breach of Express Warranty
- [ ] Sixth Cause of Action: Breach of Implied Warranty
- [ ] Seventh Cause of Action: Negligent Misrepresentation
- [ ] Eighth Cause of Action: Fraud
- [ ] Ninth Cause of Action: Fraudulent Concealment
- [ ] Tenth Cause of Action: Punitive Damages
- [ ] Eleventh Cause of Action: Loss of Consortium
- [ ] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

40. As to Osteon Merger Sub, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [ ] First Cause of Action: Strict Liability – Manufacturing Defect
- [ ] Second Cause of Action: Strict Liability – Design Defect
- [ ] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [ ] Fourth Cause of Action: Negligence
- [ ] Fifth Cause of Action: Breach of Express Warranty
- [ ] Sixth Cause of Action: Breach of Implied Warranty
- [ ] Seventh Cause of Action: Negligent Misrepresentation
- [ ] Eighth Cause of Action: Fraud
- [ ] Ninth Cause of Action: Fraudulent Concealment
- [ ] Tenth Cause of Action: Punitive Damages
- [ ] Eleventh Cause of Action: Loss of Consortium
- [ ] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

41. As to Osteon Intermediate Holdings II, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

42. As to any Defendant named in this Short Form Complaint that is not named in the Amended Master Personal Injury Complaint, Plaintiff(s) asserts the following allegations, causes of action, and prayer for relief. Attach additional pages to this Short Form Complaint, if necessary.

_____

**WHEREFORE**, Plaintiff(s) prays for relief and judgment against named Defendants and all such further relief that this Court deems equitable and just as set forth in the Amended Master Personal Injury Complaint and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demands a trial by jury as to all claims in this action.

Date: May 15 2023

Signed: *Korey Nelson*

Signature block:
Korey A. Nelson
knelson@burnscharest.com
LA Bar # 30002

Amanda K. Klevorn
aklevorn@burnscharest.com
LA Bar # 35193

Claire E. Bosarge
cbosarge@burnscharest.com
LA Bar # 39809

Jayde Encalade
TX Bar # 24126624
jencalade@burnscharest.com

BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130